# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JOSEPH CARLSON,** | § | |
| *Plaintiff,* | § § | |
| v. | § § | EP-21-CV-00252-DCG |
| **NEW MEXICO STATE UNIVERSITY,** | § § | |
| *Defendant.* | § § | |

## MEMORANDUM ORDER

Presently before the Court is Defendant New Mexico State University's (NMSU) Motion to Dismiss (ECF No. 2) filed pursuant to Federal Rule of Civil Procedure 12(b). For the reasons that follow, the Court grants the motion in part.

## I. BACKGROUND

NMSU is a creature of the New Mexico Constitution, formed pursuant to Article XII, Section 13 and Article XV, Section 1, augmented by statute, and is a body corporate of the State of New Mexico.[1] It maintains its headquarters in Las Cruces, New Mexico; it has never been incorporated, headquartered, or had its principal place of business in the State of Texas.[2]

On July 29, 2021, New Mexico Governor Michelle Lujan Grisham signed Executive Order 2021-045, which requires New Mexico State employees to show proof of vaccination or undergo weekly COVID-19 testing.[3] Derived from the Executive Order, NMSU issued, on August 3, 2021, a policy that requires its students who attend in-person learning at or who visit a

---

[1] Collins Aff. at ¶ 2, ECF No. 2-1.

[2] *Id.* at ¶ 3.

[3] *Id.* at ¶ 9; *see also id.*, Ex. A.

NMSU campus to either show proof of vaccination or undergo weekly testing;[4] hereinafter, the policy is referred to as vaccination-or-testing policy.

Plaintiff Joseph Carlson (hereinafter Carlson) is a Texas residence. His adult son Joseph Carlson, Jr. (hereinafter referred to as son or Jr.) attended college classes and received educational services in New Mexico at NMSU.[5] Jr. has an extensive history of negative reaction to vaccines which led to his autism.[6] In Texas, Jr. is exempt for vaccines based on religious beliefs.[7]

On September 16, 2021, Carlson, proceeding *pro se*, initiated this lawsuit against NMSU in the Justice Court, Precinct 1, of El Paso County, Texas, styled Joseph *Carlson v. New Mexico State University*, Cause No. 121-00140-CV.[8] In his petition, Carlson asserts a claim for discrimination based on Jr.'s disability (his autism) in violation of, apparently, Title II of the Americans with Disabilities Act or § 504 of the Rehabilitation Act. Carlson appears also to assert a claim pursuant to 42 U.S.C. § 1983 for discrimination based on religious beliefs in violation of the First Amendment. He alleges that New Mexico governor's mandate is illegal

---

[4] *Id.* at ¶ 10; *see also id.*, Ex. B.

[5] *Id.* at ¶ 5.

[6] Pl.'s Resp. to Mot. to Dismiss at 1, ECF No. 3.

[7] *Id.*

[8] It is unclear why Jr. is not named as a plaintiff. Based on his allegations, it appears, Carlson brought this lawsuit in a representative capacity on behalf of Jr. Federal Rules of Civil Procedure provide: "The following representatives may sue . . . behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). The record reflects that Jr. is an adult, but Carlson's pleading does not say that Jr. is an incompetent person such that Carlson may bring this lawsuit on Jr.'s behalf.

and that NMSU's vaccination-or-testing policy based on the governor's mandate discriminates against Jr.[9]

On October 13, 2021, NMSU removed the case to this Court on the basis of federal question jurisdiction. A week later, it filed the instant motion to dismiss. On November 4, 2021, Carlson filed a response to the motion (ECF No. 3), and on November 9, 2021, NMSU filed a reply in support of its motion (ECF No. 5).

## II. DISCUSSION

By its motion, NMSU asks the Court to dismiss Carlson's claims on multiple grounds: (1) NMSU is not subject to personal jurisdiction in Texas; (2) Congress has not abrogated NMSU's immunity from liability under Title II of the ADA; (3) NMSU is not a "person" for purposes of Carlson's Section 1983 claim; and (4) Carlson otherwise fails to state claims under either ADA, Title II, or Section 1983. Mot. to Dismiss at 3–4, ECF No. 2. Below, the Court addresses NMSU's challenge to personal jurisdiction.

"[J]urisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (cleaned up). "Personal jurisdiction, like subject matter jurisdiction, is an essential element of the jurisdiction of a district court," and without exception, it must "be established as a threshold matter." *Id.* at 231–32 (same). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court," here, Carlson, "bears the burden of proving that jurisdiction exists," though he is required to make only "a *prima facie* showing." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). In determining whether a *prima facie* case exists, this Court "must accept as true the [p]laintiff's

---

[9] Pet. at 1, ECF no. 1-1; Pl.'s Resp. to Mot. to Dismiss at 1–2.

uncontroverted allegations[] and resolve in [his] favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documentation." *Pervasive Software*, 688 F.3d at 219–20 (cleaned up).

A federal district court has personal jurisdiction over a nonresident defendant to the same extent as a state court in the state in which the district court is located (here, Texas). *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 716 (5th Cir. 1999). Because Texas's long-arm statute (its jurisdictional statute) has been interpreted to extend to the limits of due process, the Court need only determine whether subjecting NMSU to suit in Texas in this case would be consistent with the Due Process Clause of the Fourteenth Amendment. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). That Clause guarantees that no federal court may assume jurisdiction *in personam* of a nonresident defendant unless the defendant has certain "minimum contacts" with the forum state, i.e., that the defendant has purposely availed itself of the privilege of conducting activities within the forum state (here, Texas). *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491 (5th Cir. 2022); *Luv N' care.*, 438 F.3d at 469. "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Thus, personal jurisdiction may be general or specific.

NMSU argues that based on the allegations of Carlson's petition, there is no basis for the Court to exercise either general or specific jurisdiction over NMSU. Mot. to Dismiss at 4–6. In his response to the motion, Carlson does not address personal jurisdiction at all. The Court therefore turns to the record, including Carlson's state court petition, to determine whether it may assume personal jurisdiction over NMSU in this case.

## A. General Personal Jurisdiction

"A court has general jurisdiction over a corporate defendant where the corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State, the paradigm examples of which are the corporation's place of incorporation and principal place of business." *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019) (cleaned up). NMSU is a creature of the New Mexico Constitution and is considered a body corporate of the State of New Mexico. Collins Aff. at ¶ 2, ECF No. 2-1. Its headquarters are in the State of New Mexico and have always been in the State of New Mexico since its creation. *Id.* at ¶ 3. It never had its principal place of business in Texas. *Id.* It is therefore evident that NMSU is not, in the paradigmatic sense, at home in Texas.

To be sure, in "exceptional case[s]," a defendant corporation's general business operations in a state in which it is neither incorporated nor headquartered "may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). But this is not an exceptional case. NMSU draws students from Texas (like Jr.), though neither it or any of any of its affiliates operate or provide in-person educational services in Texas. *See* Collins Aff. at ¶ 4. It also offers online virtual courses nationwide including within Texas. *Id.* These activities, without more, are insufficient to render NMSU essentially at home in Texas.[10] Consequently, this Court, like any Texas court, lacks general personal jurisdiction over NMSU in this case.

---

[10] *See Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 714 (N.D. Tex. 2012) ("Evidence that a university recruits or admits students from the forum state, employs forum residents, receives revenue from the state in the form of tuition or fundraising, or has contacts with prospective students and alumni in the state is simply insufficient to support the exercise of general jurisdiction." (collecting cases)); *Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 57–58 (1st Cir. 2020) (holding mere fact that a nonresident educational institution has an interactive online learning platform that is accessible in the forum state is insufficient to constitute an exceptional case for exercising general personal jurisdiction over the institution); *Am. Univ. Sys.*, 858 F. Supp. 2d at 715–16 (finding evidence, among

## B. Specific Personal Jurisdiction

"Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum." *Luv N' care*, 438 F.3d at 469 (cleaned up). Specific jurisdiction exists when two circumstances are met: (1) a nonresident defendant has purposefully directed its activities at the forum state (here, Texas) and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus.*, 943 F.3d at 250. The inquiry of whether a forum state may assert specific jurisdiction over the nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Diece-Lisa Indus.*, 943 F.3d at 250.

NMSU correctly points out that Carlson's claims relate to a NMSU's vaccination-or-test policy as applied to Jr. Mot. to Dismiss at 6. It argues that there is no relationship between the policy (therefore, Carlson's claims) and Texas. *Id.* It explains that the policy was based on the New Mexico Governor's Executive Order, which only applies in New Mexico, and it applies only in New Mexico because it only affects students who attend in-person learning at or visit NMSU campuses, all of which are in New Mexico. *Id.* It adds that it has never provided educational services to Jr. in Texas or undertaken any action in Texas related to the alleged facts in this case. Collins Aff. at ¶¶ 7–8.

As mentioned, in his response to NSMU's motion, Carlson did not address personal jurisdiction. Carlson is *pro se*, so the Court takes an extra step and addresses whether NMSU's online program plausibly supplies the contact sufficient for exercising specific personal jurisdiction, though Carlson does not mention the program in his petition. *See Revell v. Lidov*, 317 F.3d 467, 472 (5th Cir. 2002) ("For specific jurisdiction we look only to the contact out of

---

others, that a non-resident online university provides online educational services to 12,281 Texas residents is insufficient to support the exercise of general jurisdiction over the university).

which the cause of action arises."). In a post-lawsuit email to NMSU's general counsel (a copy of which is attached to Carlson's response), Carlson seems to say that although his son learns better in person, taking online classes offered by NMSU could potentially be an accommodation for his son—if certain conditions are met. Pl.'s Resp. to Def.'s Mot. to Dismiss at 2. He complains that not all of the classes his son needed were offered online and that his son would prefer to take NMSU's online courses if NMSU would follow the Individuals with Disabilities Education Act (IDEA) regarding his accommodation (presumably for his autism). *Id.* As remedy, he asks that (1) NMSU forgo its vaccination-or-test policy; (2) failing that, pay for his son's weekly testing; and (3) failing both, provide all the classes his son needs online and make sure that the online instructors follow his son's accommodations under the IDEA. *Id.*

Thus, at its core, Carlson's litigation is still about NMSU's vaccination-or-test policy, and his statements about NMSU's online classes are in the nature of relief he seeks. As such, his lawsuit does not arise out of or result from NMSU's activities with its online program. *See Clemens v. McNamee*, 615 F.3d 374, 378–79 (5th Cir. 2010) ("Specific jurisdiction . . . requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action."). Even if it did, merely offering online courses in Texas is insufficient to rise to the level of purposeful availment with respect to Carlson's claims. The Court concludes that Carlson has failed to present a prima facie case of specific jurisdiction.

In sum, the Court concludes that it (like any Texas court) lacks personal jurisdiction over NMSU in this case. Consequently, Carlson's case must be dismissed. Because Carlson is pro se, the Court makes clear that the dismissal of his case is without prejudice—that means that he is not foreclosed from bring another lawsuit in an appropriate court, such as one in New Mexico, asserting claims based on NMSU's vaccination-or-test policy. Finally, because the Court

dismisses the case for lack of personal jurisdiction, it does not address the remaining grounds NMSU raises in its motion.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant New Mexico State University's (NMSU) Motion to Dismiss (ECF No. 2) is **GRANTED IN PART and DENIED IN PART**. The motion is granted as to NMSU's request for dismissal on the grounds that Texas lacks personal jurisdiction over NMSU, and it is denied in all other respects.

**IT IS THEREFORE ORDERED** that Plaintiff's Joseph Carlson's claims against NMSU asserted in the above-captioned case are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT** and the District Clerk **SHALL CLOSE** this case.

So ORDERED and SIGNED this __17th__ day of February 2022.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE